NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

LOUIS MERCURO,                              :
                                            :
       Plaintiff,                           :       **Hon. Dennis M. Cavanaugh**
                                            :
v.                                          :       **OPINION**
                                            :
BORO OF HALEDON, BORO                       :       Civil Action No. 10-CV-1783(DMC)(JAD)
COUNCIL HEATHER KILMINSTER,                 :
BORO COUNCIL MICHAEL TIRRI,                 :
BORO COUNCIL REYNALDO                       :
MARTINEZ, MAYOR DOMINIC
STANPONE, BORO
ADMINISTRATOR ALLAN SUSAN,
JOHN DOES 1-10, ABC and ABC
CORPORATIONS 1-10,

       Defendants.
_____


<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon motion by Borough of Haledon, Councilperson Heather Kilminster, Councilperson Michael Tirri, Councilperson Reynaldo Martinez, Mayor Domenick Stampone, and Administrator Allan Susen (collectively "Defendants") to dismiss Plaintiff's claims which are addressable in state court and to stay proceedings of the remaining federal claims pending the resolution of the administrative proceedings in state court. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set forth below, Defendants motion is granted in part and denied in part.

I.     **BACKGROUND**[1]

Louis Mercuro ("Plaintiff") is Chief of Police with the Borough of Haledon Police Department. Plaintiff was originally hired by Borough of Haledon Police Department on October 10, 1980, and received the following promotions: Sergeant on May 8, 1987; Lieutenant in September 2001; Acting Chief in September 2004 through February 2005; Chief in 2005. During his career, and prior to the events at issue, Plaintiff was only disciplined once in 1981 and received a three day suspension.

Defendants are the Borough of Haledon; the Borough of Haledon Police Department; Haledon Borough council members Heather Kilminster ("Kilminster"), Michael Tirri ("Tirri"), Reynaldo Martinez ("Martinez"); Mayor of Borough of Haledon, Dominic Stanpone ("Stanpone"); and Borough of Haledon Administrator Allan Susan ("Susan").

Plaintiff alleges that he was informed by the Federal Bureau of Investigations ("FBI") and the New Jersey State Police of an investigation of residents of the Borough of Haledon, specifically Defendant Kilminster and former Councilman Alan Souto. Plaintiff also alleges that in his official capacity as Chief he closed down and/or investigated several bars, and that he was told to leave these bars alone due to Defendants relationships with these bars.

On June 4, 2009, Plaintiff, in full police uniform, spoke at a public meeting of the Borough of Haledon governing body, and made statements alleging there was an ongoing criminal investigation of certain council members and that certain council members used cocaine.

On June 5, 2009, Plaintiff was served with a Preliminary Notice of Disciplinary Action notifying Plaintiff of the disciplinary charges against him and immediately suspending him with pay pending final

---

[1] These facts have been adopted from the Parties' respective submissions.

resolution of the matter.  Additional charges were filed on January 14, 2010, and again on March 3, 2010.

Plaintiff brought claims pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment right to free speech (Count I); his Fifth and Fourteenth Amendment rights (Counts VIII and XV); for supervisory liability against the individual Defendants (Count X); and for the Borough's failure to train and supervise persons in investigating complaints of police misconduct (Count XI).  Plaintiff also brought a claim pursuant to 42 U.S.C. § 1988 (Count XIII).  Plaintiff also brought state law claims pursuant to the New Jersey Constitution for retaliation in violation of Plaintiff's state constitutional right to free speech (Count II); pursuant to New Jersey's Conscientious Employee Protection Act ("CEPA") (Count III); and pursuant to various state statutes and Borough Ordinances governing the duties and procedures for the administration of police departments and discipline of police officers (Counts IV, V, VI, VII, IX, XII, and XIV).  Plaintiff is seeking both injunctive and compensatory relief in the form of reinstatement, withdrawal of disciplinary charges, back and front pay, punitive damages, and attorneys fees.

Disciplinary proceedings commenced in the summer of 2010, and are ongoing.  Defendants are seeking a dismissal of Plaintiff's claims that are addressable in state court proceedings, and a stay of proceedings related to any remaining federal claims pending resolution of the ongoing disciplinary proceedings against Plaintiff.

## II. LEGAL STANDARD

In deciding whether or not to abstain from exercising its jurisdiction in a case where, as here, parallel state administrative proceedings are ongoing, this Court must analyze its abstention liability pursuant to the principles promulgated in Younger v. Harris, 401 U.S. 37 (1971).  PTK, LLC v. Borough of Fort Lee, 2008  WL 796954, * 3 (Mar. 24, 2008).

"Younger ... and its progeny espouse a strong federal policy against federal court interference with

3

pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The notion underlying Younger abstention is "comity, [which] includes a proper respect for state functions," and "[m]inimal respect for state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." Id.

Although Younger involved state criminal proceedings, the "principle has been extended to civil proceedings and state administrative proceedings." Yang v. Tsui, 416 F.3d 199, (3d Cir. 2005); see also Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423 (1982) (finding abstention appropriate pending state bar disciplinary proceeding); Zahl v. Harper, 282 F.3d 204, 209-10 (3d Cir. 2002) (finding abstention appropriate pending disciplinary proceedings before the state medical board) ; Williams v. Red Bank Bd. of Educ., 662 F.2d 1008 (3d Cir. 1981) (finding abstention appropriate pending state administrative tenure proceeding against school teacher), *overruled on other grounds as recognized in* Schall v. Joyce, 885 F.2d 101, 108 (3d Cir.).

There is a three part test for determining whether Younger abstention is appropriate. Zahl, 282 F.3d at 209; Yang, 416 F.3d at 202. First, there must be an ongoing state judicial proceeding; second, the proceedings must implicate important state interests; and third, there must be an adequate opportunity in the state proceedings to raise constitutional challenges. See Middlesex County, 457 U.S. at 432; Yang, 416 F.3d at 202; Zahl, 282 F.3d at 209. "Even if this test is met, however, abstention is not appropriate if the plaintiff establishes that extraordinary circumstances exist such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Id. (internal citations omitted).

If the requirements for abstention are met, and state court proceedings are adequate to resolve

4

Plaintiff's federal claims, this Court may properly dismiss Plaintiff's federal suit. See e.g. Williams, 622 F.2d at 1022-23; PTK, 2008 WL 796954 at *6. However, if Plaintiff's claims seek additional relief that would not be available in the state administrative proceedings, this Court should stay the federal proceeding rather than dismiss it. See Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988); Williams, 622 F.2d at 1023.

### III.  DISCUSSION

Defendants argue this Court should abstain, pursuant to Younger, from hearing this matter because state administrative proceedings are pending. This Court will apply the Younger requirements as laid out above.

First, this Court finds that there are ongoing judicial proceedings. There is no dispute that, at the time this motion was filed,[2] disciplinary proceedings were ongoing. However, Plaintiff argues that the disciplinary proceedings cannot properly be considered judicial proceedings because they are conducted at the "local" (i.e. municipal) level, the hearing officer is a civilian, and the hearing officer will make a recommendation on the disciplinary charges to the municipality for it to then accept or reject. Plaintiff has cited no case law which supports his argument that administrative proceedings at a "local" level, or with a civilian hearing officer, cannot be judicial in nature. This omission is especially glaring in light of the fact that disciplinary proceedings have previously been found to be judicial in nature, see e.g. Middlesex County, 457 U.S. at 433-34 (finding state bar disciplinary proceeding judicial in nature), even when conducted at a local level and by civilians. See Williams, 662 F.2d at 1019-21 (finding disciplinary proceeding instituted by local school board judicial in nature and rejecting plaintiff's argument that

---

[2]As of the date of this Opinion, the status of disciplinary proceedings is unclear. However, since this Court has not been informed that situation has changed since the filing of the motion, this Court assumes that the disciplinary proceedings are still ongoing.

administrative proceedings decided by non-lawyers were inadequate).  Additionally, the disciplinary hearing process at issue comports with the scheme as set out by the New Jersey legislature.  See e.g. N.J.S.A. 40A:14-118, -147, -148.  Also, Plaintiff has the right to appellate review by the state court if he wishes to challenge the outcome of the disciplinary proceedings.  See Zahl, 282 F.3d at 209 (finding right to appellate review of administrative decision weighs in favor of finding the proceedings judicial in nature).  Accordingly, the first requirement is satisfied.

Second, this Court finds that the disciplinary proceedings involve important state interests.  The state has an obvious interest in regulating and disciplining its police officers.  See e.g. State Trooper Fraternal Ass'n v. State of N.J., 2009 WL 5064770, at *7 (D.N.J. Dec. 16, 2009) ("The state has a legitimate interest in preserving confidence in its police force."); Terry v. Town of Morristown, 2007 WL 2085351, at *4 (D.N.J. July 17, 2007) ("The State of New Jersey has a significant interest in maintaining and assuring the professional conduct of its police force."); Rosko v. Pagano, 466 F. Supp. 1364, 1371 (D.N.J. 1979) (describing the importance to the state of regulating its police force).  Here, the disciplinary proceedings concern allegations that Plaintiff violated several Police Departments rules and regulations.  Thus, the second requirement is also met.

Finally, this Court finds that the third prong is satisfied.  The Third Circuit has held that "this third element is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." O'Neill v. Philadelphia, 32 F.3d 785, 792 (3d Cir. 1994).  Here, Plaintiff has a right to appeal the result of the disciplinary proceedings to the state court.  N.J.S.A. 40A:14-150.  Additionally, Plaintiff is entitled to supplement the record for the state court review.  Id.  Therefore, even if, as Plaintiff alleges, he is unable to raise the federal constitutional challenges during the disciplinary hearings, he still has the opportunity

to raise these challenges during the state court review of the administrative decision. As such, this Court finds that Plaintiff does have an adequate opportunity to raise federal constitutional challenges in the state proceedings.

Since the three requirements are satisfied, this Court must abstain pursuant to <u>Younger</u> unless Plaintiff has demonstrated that exceptional circumstances exist such that he will suffer irreparable harm if this Court abstains. While not unsympathetic to Plaintiff, this Court finds Plaintiff has not shown any such exceptional circumstances exist.

Although this Court finds that abstention under <u>Younger</u> is proper, since Plaintiff's claims request additional relief that is not available in the administrative proceedings, it is likewise appropriate for this Court to stay, rather than dismiss, Plaintiff's claims.

Accordingly, this Court finds abstention appropriate, and will stay all federal proceedings pending the resolution of the state administrative proceedings.

## IV.    CONCLUSION

For the foregoing reasons, this Court will abstain from exercising its jurisdiction and will stay Plaintiff's civil claims pending the outcome of the state administrative proceedings and any related appeal to the New Jersey Superior Court. This matter may hereby be reopened upon application within sixty (60) days of the conclusion of the state proceedings, or within sixty (60) days of the entry of this Opinion and Order, whichever is later. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh  
      Dennis M. Cavanaugh, U.S.D.J.

Date:      June  30 , 2011  
Original:  Clerk  
cc:        All Counsel of Record  
           Hon. Joseph Dickson, U.S.M.J.  
           File